UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-1305(DSD/HB)

Dennis J. Ordahl,

        Plaintiff,

v.                                                      **ORDER**

Local 1140,

        Defendant.


     Dennis J. Ordahl, 908 West 80 ½ Street, Bloomington, MN 55420, pro se.

     Richard L. Kaspari, Esq., Metcalf, Kaspari, Engdahl & Lazarus, P.A., 2356 University Avenue, West, #230, St. Paul, MN 55114, counsel for defendant.


     This matter is before the court upon the motion for summary judgment by defendant IUE-CWA Local 1140 (Union). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

     This employment dispute arises out of pro se plaintiff Dennis Ordahl's eventual termination from The Toro Company. Ordahl began working as a machinist for Toro on August 4, 2004. Williams Aff. ¶ 7. Ordahl has poor blood circulation in his legs due to a medical condition known as venous stasis. Kaspari Aff. Ex. 1, at 16-17. Ordahl requested an accommodation for this condition in the form of a ten-minute walking break every two hours, which Toro

granted.   Williams Aff. ¶ 7; id. Ex. 2.   Ordahl's first two positions with Toro involved a steady amount of standing, walking, and lifting while working with heavy machinery production.   Kaspari Aff. Ex. 1, at 19-22.   In June 2007, Ordahl became a tool and die maker, which was less physically strenuous and did not involve the heavy machinery production of his previous positions.   Williams Aff. ¶ 8; Kaspari Aff. Ex. 1, at 23-24.

On April 20, 2010, Toro and the Union met with Ordahl and informed him that one tool and die maker position was being eliminated for economic reasons.   Williams Aff. ¶ 11.   Because Ordahl was the least senior employee in the tool and die maker position, he was required to leave the position.[1]   Id. ¶¶ 10-11, 13.   Ordahl asked that he be allowed to retain the position as an accommodation for his medical condition under the Americans with Disabilities Act (ADA).   Id. ¶ 12.   The Union reiterated to Ordahl that, pursuant to the CBA, he was required to leave the position. Id. ¶ 13.   Nevertheless, the Union and Toro tried to find a reasonable alternative method of accommodation for Ordahl and met

---

[1] The Union and Toro are parties to a Collective Bargaining Agreement (CBA), which provides that, if Toro determines to reduce the number of employees working in a job classification, employees shall be reduced from the classification in inverse order of seniority.   Williams Aff. ¶¶ 6, 10; id. Ex. 1, Art. VIII § 2(B), at 33.

2

with him several additional times.[2]   See id. ¶¶ 12-13, 16.   The
Union and Toro told Ordahl that he could exercise his right to bump
a junior employee in another position for which he was qualified.[3]
Id. ¶¶ 10-14.   Ordahl, however, refused to exercise this right.
Id. ¶ 14.   Under the CBA, if an employee does not exercise his
right to bump a junior employee, Toro may assign that employee to
any open position for which he is qualified.   Id. ¶ 10; id. Ex. 1,
Art. VIII § 2(B), at 35.   Consequently, consistent with the CBA,
Toro assigned Ordahl to a vacant machinist position that he had
previously held.   Id. ¶ 14.

On May 27, 2011, Ordahl filed a charge with the Equal
Employment Opportunity Commission (EEOC), which he cross-filed with
the Minnesota Department of Human Rights (MDHR), alleging that he
was removed from the tool and die position because of his
disability.   Williams Aff. ¶ 32; id. Ex. 15.   He also alleged that
Toro denied his reasonable accommodation request to remain in the
tool and die maker position.   Id. Ex. 15.   However, Toro alerted
Ordahl to a job posting for an open position as a tool and die
maker on March 1, 2012. Id. Ex. 5. Still, Ordahl declined to submit

---

[2]   The CBA requires the parties to "meet and discuss
alternative methods of accommodation that will both satisfy the
requirement of the [ADA and the Minnesota Human Rights Act] and the
spirit and intent of the collective bargaining agreement."
Williams Aff. Ex. 1, Art. XX § 2, at 90.

[3] This right to bump a junior employee is established under
the CBA in Art. VIII § 2(B), at 33-35.   Williams Aff. ¶ 10; id. Ex.
1.

a bid slip for the position.[4]  Id. Ex. 5.  The MDHR determined that the charge lacked probable cause on March 29, 2013, and the EEOC dismissed Ordahl's charge as untimely on March 11, 2014.  See Ordahl v. Toro, No. 14-CV-1687, 2015 WL 4569161, at *1 (D. Minn. July 28, 2015); Compl. at 7.

Toro placed Ordahl on short-term disability on March 14, 2012. Williams Aff. ¶ 24; id. Ex. 9.  On February 20, 2013, Toro notified Ordahl by letter that his personal leave of absence would exhaust on March 14, 2013, but invited Ordahl to submit updated information in order to determine whether accommodations could be made.  Id. ¶ 27; id. Ex. 10.  This letter also notified Ordahl that his employment would be terminated on March 14, 2013, if Ordahl took no action.  Id. ¶ 27; id. Ex. 10.  Ordahl provided no documentation. Id. ¶ 27.  Toro terminated Ordahl's employment effective March 14, 2013, by a letter dated April 10, 2013.  Id.; id. Ex. 11.

On April 15, 2013, the Union filed a grievance challenging Toro's termination of Ordahl.  Id. ¶ 28; id. Ex. 12.  On July 9, 2013, the Union sent Ordahl a letter explaining that it would have no means to effectively challenge the termination unless Ordahl could provide documentation evidencing that he gave Toro the required medical documentation.  Id. ¶ 29; id. Ex. 13.  Ordahl

---

[4] At oral argument, Ordahl provided a partial copy of Toro's seniority list, and noted that the individual hired for the new tool and die maker position was junior to him.  That fact does not alter the analysis of this case, particularly given Ordahl's failure to submit a bid slip for the position.

finally responded on August 26, 2013, in a letter confirming that he had not provided the necessary medical documentation to Toro. Id. ¶ 30; id. Ex. 14.   Consequently, the Union withdrew its grievance challenging Toro's termination of Ordahl.   Id. ¶ 30.

Ordahl commenced the instant action on April 28, 2014.   Ordahl alleged minimal facts supporting his complaint, but attached the EEOC's dismissal of his charge.   On May 28, 2014, Ordahl filed an amended complaint asserting claims for disability discrimination and reprisal under the ADA.   The Union now moves for summary judgment.

## DISCUSSION

### I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.   Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.

Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II. Untimely Claims

Ordahl brings two claims that raise issues of timeliness. First, Ordahl alleges that Union violated the ADA by discriminating against him in his efforts to remain assigned to the tool and die maker position. Second, Ordahl alleges that the Union failed to satisfy its duty to fairly represent him in enforcing the CBA.

### A. Claims Based on the ADA

The Union argues that Ordahl's claim under the ADA, which was presented to and dismissed by the EEOC, should be dismissed as untimely. Under the ADA, an employee must file a charge of discrimination — including failure to accommodate — within 300 days of the alleged discrimination. See 42 U.S.C. § 12117 (applying the 300-day statute of limitations listed in 42 U.S.C. § 2000e-5(e) to ADA claims). Discrete acts of alleged discrimination, including

6

transfer and termination, trigger the running of the limitations period. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Later effects of an allegedly discriminatory act do not lengthen the limitations period, but may constitute additional discrete acts. Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327-28 (8th Cir. 1995).

Ordahl filed his charge with the EEOC on May 27, 2011. In that charge, Ordahl's sole claim is that the Union discriminated against him in his efforts to remain assigned to the tool and die maker position as an accommodation for his disability. Toro transferred Ordahl from the tool and die maker position on April 20, 2010. That very day, Toro and Union representatives told Ordahl that a tool and die maker position was not available as an accommodation.[5] That served as Ordahl's notice that the Union would not be filing a grievance on his behalf, and is the sole discrete act alleged by Ordahl in his charge to the EEOC. Because Ordahl's filing of the charge to the EEOC occurred 402 days after the events of April 20, 2010, the charge was untimely. As a result, the Union is entitled to summary judgment in its favor with respect to this claim.

---

[5] Effectively, Ordahl asked that he be able to bump a more senior employee out of the position and have his pick of jobs as an accommodation for his disability. That request was not supported by the CBA.

**B.   Claims Based on a Duty to Fair Representation**

Ordahl alleges that the Union failed to satisfy its duty to fairly represent him in enforcing the CBA. The Union argues that it satisfied its duty when it met with Ordahl on April 20, 2010, and that his claim is untimely in any event.  The court need not determine whether the Union satisfied its duty to fairly represent Ordahl, however, because the court agrees the claim is untimely.

An employee's action alleging that his union violated its duty to fairly represent him in enforcing a collective bargaining agreement is subject to the National Labor Relations Act's six-month statute of limitations. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158-172 (1983) (citing 29 U.S.C. § 160(b)). An employee's cause of action for breach of the duty of fair representation accrues when the union decides not to file a grievance for the employee's discharge. Cook v. Columbian Chems. Co., 997 F.2d 1239, 1241 (8th Cir. 1993).

In the present matter, the Union told Ordahl on April 20, 2010, that he would not be able to remain in the tool and die maker position.  Ordahl asked that he be allowed to stay in the position as an accommodation.  The Union told him that was not possible and that it would not file a grievance on his behalf.  Accordingly, Ordahl's cause of action for this issue accrued on April 20, 2010. Therefore, the statute of limitations for Ordahl to file a claim against the Union expired on October 20, 2010.  Because Ordahl took

no action against the Union on this issue until he commenced this lawsuit more than four years after the cause of action accrued, the statute of limitations has expired.   As a result, the Union is entitled to summary judgment with respect to that claim.

## III. Exhaustion of Administrative Remedies

The Union argues that Ordahl's remaining claims are barred given his failure to exhaust administrative remedies.   Ordahl does not dispute that he did not bring all of his claims before administrative bodies, but seeks to pursue them here anyway.

An employee alleging a claim for unlawful discrimination under the ADA in federal court must first file an administrative charge with respect to "the alleged unlawful employment practice."   42 U.S.C. § 2000e-5(e)(1); see also Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the [ADA] in federal court."); Walton v. U.S. Dep't of Agric., No. 02-CV-163, 2007 WL 1246845, at *8 (E.D. Mo. Apr. 30, 2007) ("If Plaintiff did not obtain a 'final decision' by the EEOC with regard to her claims [against her union and employer], she has not yet exhausted her administrative remedies with regard to these claims.").   Each alleged incident of discrimination constitutes a separate actionable "unlawful employment practice" within the meaning of the charge-filing requirement of Title VII.   Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850-52 (8th Cir. 2012).

Ordahl's administrative charge to the EEOC, filed on May 27, 2011, focuses solely on the Union's alleged failure to represent him in obtaining reasonable accommodation for his disability. It makes no mention of retaliation, harassment, or any other alleged unlawful act. Ordahl never filed a charge with respect to his placement on medical leave in 2012 or his termination in 2013. Because the charge to the EEOC addresses only the Union's alleged failure to represent Ordahl in obtaining an accommodation, and Ordahl has failed to allege his various other claims in a charge to the EEOC, he may not now litigate those other claims. As a result, Ordahl's claims not addressed in his charge to the EEOC must be dismissed for his failure to exhaust administrative remedies.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF No. 19] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  September 21, 2015.


s/David S. Doty
David S. Doty, Judge
United States District Court